UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-416(DSD/SRN)

St. Paul Surplus Lines Insurance Company,

Plaintiff,

v. **ORDER**

Alfmeier Corporation, a South Carolina corporation,

Defendant.

Bethany K. Culp, Esq., Duana J. Grage, Esq. and Hinshaw & Culbertson, 222 Ninth Street South, Suite 3100, Minneapolis, MN 55402, counsel for plaintiff.

Jeffrey F. Shaw, Esq., Matthew A. Slaven, Esq. and Briggs & Morgan, W2200 First National Bank Building, 322 Minnesota Street, St. Paul, MN 55101, counsel for defendant.

This matter is before the court on plaintiff's objection to Magistrate Judge Susan Richard Nelson's report and recommendation dated October 15, 2001. In her report, the magistrate judge recommended that the defendant's motion to dismiss for lack of personal jurisdiction [Doc. No. 7] be granted and that defendant's motion, in the alternative, to transfer venue be denied.

After conducting a de novo review of the file and record, the court concludes that the report of the magistrate judge fully discussed the reasons why the motion to dismiss must be granted.

FILED 11-28-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 11-28-01
Deputy Clerk's Initials

Accordingly, the court will adopt the magistrate judge's report and recommendation in its entirety.

In particular, the court concurs with the magistrate judge's determination that plaintiff has failed to establish personal jurisdiction over the defendant in this case. There are two prerequisites that must be met to establish personal jurisdiction: (1) Minnesota's long-arm statute must be satisfied; and (2) the due process clause must not be violated. St. Jude Med., Inc. v. Lifecare Int'l, 250 F.3d 587, 591 (8th Cir. 2001); Multi-Tech Sys. Inc. v. Vocaltec Communications, Inc., 122 F. Supp.2d 1046, 1049 (D. Minn. 2000) (exercise of jurisdiction must be consistent with state's long-arm statute and requisites of due process). Because Minnesota's long-arm statute extends jurisdiction to the maximum limit consistent with due process, the court need only evaluate whether constitutional due process requirements are satisfied. See St. Jude, 250 F.3d at 591; Minnesota Mining & Mfg. Co. v. Nippon Carbide Indus. Co., Inc., 63 F.3d 694, 697 (8th Cir. 1995) ("Minnesota has consistently held that its legislature intended the long-arm statute to have the maximum extraterritorial effect allowed under the Fourteenth Amendment.").

To satisfy constitutional due process, there must be sufficient "minimum contacts" between defendant and Minnesota such that maintaining jurisdiction over defendant does not offend "traditional notions of fair play and substantial justice." Int'l

Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). It is essential that there be some act by which defendant "purposely availed" itself of the privilege of conducting business in Minnesota. Hanson v. Denckla, 357 U.S. 235, 253 (1958); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). These contacts must be sufficiently substantial such that defendant could "reasonably anticipate the possibility of being haled into Minnesota's courts." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Here, the court concurs with the magistrate judge's conclusion that specific personal jurisdiction does not exist since the constitutional requirement of "minimum contacts" under the due process clause has not been established.[1] Under the specific personal jurisdiction standard, minimum contacts must be related to the cause of action. See Burlington Indus. Inc. v. Maples Indus. Inc., 97 F.3d 1100, 1102-03 (8th Cir. 1996). The cause of action in this cases arises out of an insurance contract dispute. Therefore, the only contacts relevant to specific personal jurisdiction in this case are those which are related to the contract dispute. The relevant contacts in this case consist of the plaintiff soliciting the defendant's insurance business in

---

[1] The court notes that the plaintiff does not reassert their general personal jurisdiction arguments on appeal. The court agrees with the magistrate judge's conclusion that general personal jurisdiction similarly does not exist in this case. Therefore, the court adopts the finding of the magistrate judge in regard to general personal jurisdiction.

South Carolina, where defendant is incorporated and maintains its principal place of business, and subsequent telephone conversations regarding the insurance contract.

The Eighth Circuit has generally held that the existence of a contract with a state resident alone is not sufficient to support personal jurisdiction. Bell Paper Box, Inc. v. Trans Western Polymers, 53 F.3d 920, 923 (8th Cir. 1995) (finding a contract alone did not support jurisdiction, and further stressing, "[t]his is particularly true when the nonresident is a buyer rather than a seller"). In addition, the Eighth Circuit has stated that interstate communications alone are insufficient to confer jurisdiction. Bell Paper, 53 F.3d at 923. Although a contract and some interstate communications exist in this case, the court agrees with the magistrate judge's conclusion that even when these contacts are combined, they are still insufficient to support a finding of specific personal jurisdiction.[2]

---

[2] Plaintiff also attempts to rely on St. Jude for the proposition that there are sufficient minimum contacts to establish specific personal jurisdiction in this case because the insurance contract in this case contemplates an ongoing business relationship. St. Jude, 250 F.3d at 593. While the court in St. Jude did, in part, find personal jurisdiction on the parties' contract which contemplated an ongoing business relationship, this was not the sole basis for that court's holding. St. Jude, 250 F.3d at 593. As the magistrate judge correctly noted, the court in St. Jude illustrated many other contacts between the defendant and Minnesota which were significant in holding that personal jurisdiction was appropriate. Id. at 592-93. Simply put, the defendant in St. Jude had significantly more contact with Minnesota than the defendant has in the present case. Therefore, the court (continued...)

Accordingly, and after conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety.

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative, to transfer venue (Doc. No. 7) is granted with respect to dismissal and is denied with respect to transferring venue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 28, 2001

David S. Doty, Judge
United States District Court

[2](...continued)
agrees with the magistrate judge that the present case is factually distinguishable.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*